```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
AA MEDICAL, P.C., on behalf of
Patient MB,

                    Plaintiff,
                                           CONSOLIDATION ORDER
          -against-                        21-CV-5239 (JS)(SIL)


1199 SEIU Benefit & Pension Fund,

                    Defendant.
----------------------------------X
AA MEDICAL, P.C., on behalf of
Patient TL,

                    Plaintiff,

          -against-                        21-CV-5282(JS)(SIL)


1199 SEIU Benefit & Pension Fund,

                    Defendant.
----------------------------------X
AA MEDICAL, P.C., on behalf of
Patient GC,

                    Plaintiff,

          -against-                        21-CV-5790(JS)(SIL)

1199 SEIU Benefit & Pension Fund,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:         Robert J. Axelrod, Esq.
                       Axelrod LLP, PLLC
                       1465 Fifth Avenue, Number 7D
                       New York, New York  10035

For Defendant:         Ian Andrew Weinberger, Esq.
                       Elizabeth Chesler, Esq.
                       1199 SEIU Benefit & Pension Fund
                       498 7th Avenue, Floor 10
                       New York, New York  10018
```

**SEYBERT**, District Judge:

**WHEREAS**, AA Medical, P.C. ("Plaintiff") has commenced there separate actions currently pending before the undersigned against 1199 SEIU Benefit & Pension Fund ("Defendant"), with each action asserting one claim for violation of the Employee Retirement Income Security Act of 1974, as amended, arising out of Defendant's alleged "under-reimbursement" for surgery allegedly performed by Plaintiff for a member of Defendant's health plan. See AA Medical, P.C. v. 1199 SEIU Benefit & Pension Fund, No. 21-CV-5239 (the "Lead Action"); AA Medical, P.C. v. 1199 SEIU Benefit & Pension Fund, No. 21-CV-5282 (the "21-CV-5282 Action"); and AA Medical, P.C. v. 1199 SEIU Benefit & Pension Fund, No. 21-CV-5790 (the "21-CV-5790 Action").

**WHEREAS**, the parties appeared for a pre-motion conference in the 21-CV-5282 Action, at which time the parties consented to consolidating all three cases, referenced above, with the first-filed action, the Lead Action, now before the undersigned.  (See 21-CV-5282 Action, Min. Entry, ECF No. 11.)

**WHEREAS**, Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact."  Courts have "'broad discretion' to determine whether to consolidate actions." Breakwater Trading LLC v. JPMorgan Chase & Co., No. 20-CV-3515, 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting Johnson v.

2

Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990)). In determining whether to consolidate actions, courts may consider "judicial economy," which favors consolidation, but must ensure that consolidation will not jeopardize "a fair and impartial trial." Johnson, 899 F.2d at 1285.

**WHEREAS**, upon due consideration of the parties' representations at the aforementioned pre-motion conference, the Court finds that entry of this Consolidation Order will promote judicial economy, avoid duplicative proceedings, and streamline adjudication of related matters, without jeopardizing the fairness and impartiality of the proceedings.

**Accordingly, IT IS HEREBY ORDERED THAT:**

1) The following actions are **CONSOLIDATED** before the undersigned and shall proceed under the Lead Action No. 21-CV-5239 as follows: AA Medical, P.C. v. 1199 SEIU Benefit & Pension Fund, Case No. 21-CV-5239. **All future filings shall be docketed in the Lead Action No. 21-CV-5239.** For clarity, the following cases are to be consolidated at this time:

    a. AA Medical, P.C. v. 1199 SEIU Benefit & Pension Fund, No. 21-CV-5282; and

    b. AA Medical, P.C. v. 1199 SEIU Benefit & Pension Fund, No. 21-CV-5790.

2) Within fourteen (14) days of the date of this

3

    Consolidation Order, Plaintiff shall file and serve a consolidated complaint in the Lead Action.[1]

3) Within twenty-one (21) days of service of the consolidated complaint, Defendant shall file either an answer <u>or</u> a letter renewing its request for leave to file a motion to dismiss, at which time the Court will set a briefing schedule.

4) The Clerk of the Court shall mark as CLOSED the 21-CV-5282 Action and the 21-CV-5790 Action.

                   **SO ORDERED.**

                   /s/ JOANNA SEYBERT
                   Joanna Seybert, U.S.D.J.

Dated: February 11, 2022
     Central Islip, New York

---

[1] In the event Plaintiff adds material factual allegations or causes of action to its consolidated complaint, such consolidated complaint will constitute Plaintiff's amendment as of right under Federal Rule of Civil Procedure 15(a)(1).